TuRley, J.
delivered the opinion of the court.
The devisees of John McNairy, filed their bill in the chancery court at Franklin, for the sale of real estate devised by the will, for the purpose of making a division. The court decreed a sale, which was made by the clerk and master under the supervision of the court. A portion of the land, adjoining the town of Nashville, was laid off in to lots, with intersecting streets. The petitioner and defendants became purchasers of lots; the sale was made upon a credit of one, two and three years, which time has not expired, and the case is still in the chancery court, abiding the time for a final decree. Petitioner and defendants have taken possession of the lots purchased by them, and the defendants, in improving, have closed up some of the streets, to the injury of the petitioner, and this petition is filed, asking of the chancellor to have them opened, which he ordered. It is not denied that a chancery court has power to relieve in cases of nuisance, which the stopping of these streets is, but it is contended that this must be done by original bill, and not as is sought in this case, by petition. This is a question of practice, not of principle, and, in the absence of authorities, ought to be settled in such a manner as would give the most expeditious and cheapest remedy. -
The subject matter of this dispute is already in a court of chancery ; it has been sold by its order, and the parties to this proceeding, came into possession under the sale. That a court of chancery has power over this property so long as it remains sub judice, to protect it from waste and depredation, no one will deny, and that for this purpose, purchasers are quasi parties, who may be brought in by the court at any time, is equally true. But, it is said, this must be done by the original complainants and not by the. co-purchaser. *172 There is but little to be gained by disputing about the mode of doling a thing, if the thing is to be done.
It can make but little difference whether the defendants are brought into court in the name of the original complainants or the petitioner, who is immediately injured by their acts. But if the proceedings have to be in the name of the parties to the bill, we have no doubt that the petition was properly filed, for otherwise the court could have no information of the wrong done, and the steps necessary to be taken to abate the enclosures df the defendants, can be in the name of the complainants and not the petitoner, We think the authorities sustain this practice. See 2 Page Rep. 316: 3 Eq. Dig. 578, pl. 9: Robertson’s practice, 387: 2 Smith’s Chan, practice, 213..
We, therefore, think the decision of the chancellor was correct, and affirm it.